UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-23956-CIV-GOODMAN
[CONSENT]

FARREY'S WHOLESALE HARDWARE
CO., INC.,
    Plaintiff,

v.

ZURICH AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER[1] DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT

Singer/songwriter Billy Joel musically lamented that "honesty is such a lonely word, **everyone** is so untrue." [2] (emphasis added). In the same song, he complained that "honesty is hardly ever heard" and "[]if you look for truthfulness, you might as well be blind." (emphasis added). But as reflected in the removal/remand issues raised in this

---

[1] The Undersigned initially issued a Report and Recommendations [ECF No. 25] on the motion to remand. After that Report was uploaded, the parties consented to my full jurisdiction in this case [ECF No. 26] and United States District Judge Jose E. Martinez then referred [ECF No. 27] the case to me for all purposes. Following that, I vacated [ECF No. 28] the earlier Report, and this Order is simply a conversion of the earlier-issued Report and Recommendations into an order. Other than the title, this footnote, the term "ordered" (instead of "recommended") and the date, this Order is identical to the earlier-issued Report.

[2] BILLY JOEL, *Honesty*, on 52ND STREET (Columbia 1978).

1

case, Billy Joel appears to be somewhat of a pessimist. Not *everyone* is dishonest, and truthfulness *is* in fact sometimes heard.

The case background that triggered my brief stroll down the Piano Man's musical memory lane is straightforward:

Plaintiff Farrey's Wholesale Hardware Co., Inc. ("Farrey's") filed a Motion to Remand to State Court ("Motion") [ECF No. 11] and Defendant Zurich American Insurance Company ("Zurich") filed an opposition response [ECF No. 19]. Plaintiff filed a reply [ECF No. 20] and then filed an Amendment [ECF No. 21] to its reply. For the reasons explained below, the Undersigned **denies** the motion to remand.

Farrey's remand motion is based on the theory that Zurich's removal was untimely. Specifically, Farrey's motion argues that Zurich did not remove this case within 30 days of April 12, 2016, which, pursuant to 28 U.S.C. § 1446(b)(3), would make it untimely. Farrey's motion uses the April 12, 2016 date because it is when Farrey's filed a Civil Remedy Notice of Insurer Violations ("CRN") against Zurich, asserting various alleged acts of bad faith and statutory violations. Farrey's claims that the CRN contained enough information to put Zurich on notice that the amount in controversy exceeded $75,000. Farrey's motion further argues that this CRN notice is the type of "other paper" from which a defendant may learn that a state court action is removable.[3]

---

[3]   Section 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion,

2

In its response, Zurich notes that the CRN was received **before** it was served with the Complaint, thus eliminating any possible argument that the CRN constituted an "other paper" which started the 30-day clock for removal.[4] Zurich contends that the operative "paper" which started the 30-day clock is actually a demand letter it received on August 17, 2016. Zurich filed its removal on September 15, 2016, within 30 days of its receipt of Farrey's demand letter.

In its Reply, Farrey's argues that Zurich was served with the Amended Complaint on April 11, 2016, two days before it received the CRN on April 13, 2016. It points to its service of process exhibit demonstrating that the Amended Complaint was

---

order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

[4]     For an "other paper" to start the thirty-day time period under Section 1446(b)(3), a defendant must receive the "other paper" **after receiving the initial pleading.** *See Goldstein v. GFS Market Realty Four, LLC*, No. 16-cv-60956, 2016 WL 5215024, at * 5 (S.D. Fla. Sept. 21, 2016) (internal citation omitted); *MIR Convenience Store, Inc. v. Century Sur. Co.*, No. 0:14-cv-60425, 2014 WL 2118878, at *2 (S.D. Fla. May 21, 2014) ("[b]y its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading.") (internal marks and citation omitted).

*See also Thompson v. Columbia Sussex Corp.*, No: 2:16-cv-435-FtM-29CM, 2016 WL 6134868, at *2 n. 4 (M.D. Fla. Oct. 21, 2016) ("It is immaterial that, *prior* to being served with the Complaint, Defendant may have had dozens of papers and documents . . . demonstrating that Plaintiffs were domiciled in Arizona . . . . [P]re-suit documents do not constitute 'other papers' that trigger the thirty-day limitation on removal.") (internal citations and marks omitted); *Village Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 6:09-cv-01711, 2009 WL 4855700, at *3 (M.D. Fla. Dec. 10, 2009) ("By its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading.") (internal citation omitted).

accepted by the Chief Financial Officer of the State of Florida on April 11, 2016. Therefore, as Farrey's posited in its Reply, the CRN *does* qualify as an "other paper" (because it was received *after* the operative pleading).

**However,** in its Amendment, Farrey's candidly explained that subsequent legal research revealed the following:

> in cases involving removal/remand issues where service was made through the CFO, other District Courts in Florida have held the operative 30-day time period runs from either the date of mailing/forwarding of process by the CFO to the insurance company or the date of actual receipt of service by the insurance company. *See, e.g. Clena Investments. Inc. v. XL Specialty Ins. Co.,* 2011 WL 1467216 (S.D. Fla. 2011); *Masters v. Nationwide Mut. Fire. Ins. Co.,* 858 F. Supp. 1184 (M.D. Fla. 1994); *Sands Point[] Ocean Beach Resort and Condominium Association, Inc. v. QBE Ins. Co.,* 2007 WL 1805795 (S.D. Fla. 2007).

[ECF No. 21, p. 2].[5]

Therefore, based on recent decisions by other judges in this district, the CRN which Farrey's initially argued had been received after the pleading was served was actually received *before* the pleading was served on Zurich. Thus, it cannot be an "other paper" triggering the 30-day clock. And as a result of this development, the "other paper" is actually the later-dated demand letter -- which means that the removal *was* timely. And that, in turn, means that the remand motion should be denied.

---

[5]   In *Sands Point Ocean Beach Resort and Condominium Association, Inc.,* United States District Judge Cecilia M. Altonaga noted the "[t]he shift toward interpreting the thirty-day removal period as beginning when a defendant **receives** a complaint and summons appears to be the **majority** position" and further concluded that this shift is "persuasive." 2007 WL 1805795, at *1 (emphasis supplied).

At a December 2, 2016 discovery hearing, Farrey's counsel candidly discussed the disclosure mentioned in the Amendment, conceded that the remand motion should probably be denied (because of the decisions cited in its Amendment).[6] [ECF No. 23].

Given this procedural posture, the Undersigned **denies** the remand motion.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on December 27, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record

---

[6] The Undersigned appreciates the candor of Farrey's counsel and further appreciates the professionalism of counsel for both sides in discussing this issue, and others, at the December 2, 2016 hearing. That Friday afternoon discovery hearing (which also involved a frank discussion about the remand motion) was an excellent way to end the official work week.